# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

MARIO WILLIAMS, )
)
                Plaintiff, )
)
v. ) No. CIV 06-460-JHP-SPS
)
ERIC FRANKLIN, et al., )
)
                Defendants. )

## OPINION AND ORDER

This action is before the court on the defendants' motion to dismiss or for summary judgment. The court has before it for consideration plaintiff's complaint [Docket #1], the defendants' motion [Docket #24], plaintiff's response [Docket #44], and a special report [Docket #25, #26, #27 and #28] prepared by the Oklahoma Department of Corrections (DOC) at the direction of the court, in accordance with *Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978).

Plaintiff, an inmate in the custody of DOC who is incarcerated at Oklahoma State Penitentiary (OSP) in McAlester, Oklahoma, brings this action under the authority of 42 U.S.C. § 1983 seeking monetary damages for alleged constitutional violations at that facility and at Oklahoma State Reformatory (OSR) in Granite, Oklahoma. The defendants are OSR Warden Eric Franklin, OSP Warden Marty Sirmons, OSP Sgt. Suter, and OSP Sergeant J. Parker.[1]

---

[1] To the extent the defendants are sued in their official capacities as DOC officials, plaintiff's claims are barred by the Eleventh Amendment. It is well settled that a damages suit against a state official in his official capacity is merely another way of pleading an action against the State. *See Kentucky v. Graham*, 473 U.S. 159, 165 (1985). *See also Will v.*

Plaintiff alleges in Count 1 of his complaint that his fan was lost or stolen when he was transferred from OSR to OSP in March 2006. In Count 2 he claims Defendant Suter physically assaulted him on July 28, 2006, when plaintiff was coming from a religious service. He asserts the assault injured his arm, shoulder, and back. When he requested medical care, he was told that no doctor was available, and he was not seen by a physician or prescribed medication until August 11, 2006.

In Count 3 he alleges that when he arrived on C-Unit at OSP on August 16, 2006, he immediately asked to attend Muslim services. Defendant Parker allegedly told him his name had been removed from the list of inmates who could attend, in accordance with Unit Manager Wilson's instructions. Plaintiff contends Parker repeatedly attempted to provoke plaintiff's anger, and Parker has threatened to write-up plaintiff, because plaintiff complains too much. On several occasions plaintiff was told to shower and get dressed for services, but he was not permitted to attend, because he was not on the list. He claims he was not placed on the list to attend services until September 1, 2006, but still was denied attendance.

The defendants have moved the court for summary judgment, based on plaintiff's failure to exhaust his administrative remedies, as required by 42 U.S.C. § 1997e(a). Having moved for summary judgment in their favor, the defendants are required to show the absence of a genuine issue of material fact. Fed. R. Civ. P. 56(c). Plaintiff, as the nonmoving party, must go beyond the pleadings and by way of affidavits or "depositions, answers to interrogatories, and admissions on file" designate "specific facts showing that there is a

---

*Michigan Dept. of State Police*, 491 U.S. 58, 71 (1988) (state officials sued in their official capacities are not "persons" for purposes of a § 1983 suit, because the suit is against the official's office and not against the official).

genuine issue for trial." Fed. R. Civ. P. 56(e). For the reasons set forth below, the court finds plaintiff has failed to meet his burden to overcome the defendants' motion.

Pursuant to the Prison Litigation Reform Act, "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). According to DOC Policy OP-090124, "Inmate/Offender Grievance Process," an inmate first must attempt to resolve his complaint informally within three days of the incident. If that is unsuccessful, he may submit a Request to Staff within seven calendar days of the incident. If the complaint still is not resolved, he then may file a grievance. If the grievance does not resolve the issue, the inmate may appeal to the Administrative Review Authority or the Chief Medical Officer. The administrative process is exhausted only after all of these steps have been taken.

The special report indicates that in July 2005, OSR officials discovered that inmates were making "shanks" from fan shafts, and an administrative decision to confiscate all fans, including plaintiff's, was made. On November 2, 2005, all inmates whose fans had been confiscated were sent a memorandum and a Property Release Receipt, advising them of their options for fan disposal. Plaintiff failed to choose a disposition option and return his form by the January 1, 2006, deadline, so his fan was donated to a local charity, consistent with DOC Policy OP-030120.

In June 2006, more than three months after his transfer from OSR to OSP, plaintiff filed a grievance complaining about the loss of his fan and asking for compensation. The grievance was denied, because it was not filed within the DOC time restraints. His attempted appeal of the grievance was returned unanswered, because he had not complied with

grievance procedures.

The record shows that plaintiff was transferred to OSP on March 16, 2006. On July 28, 2006, plaintiff told a supervisor he had been injured while being escorted from Muslim services. The supervisor noted a scratch on plaintiff, and plaintiff stated he had been poked by Defendant Suter's badge, and his back and shoulder hurt. A nurse from the medical unit checked plaintiff that day and noted a "speck" about the size of a pin head on his arm, but no signs of pain during the examination. The prison doctor examined plaintiff again on August 11, 2006, and noted no abnormalities. The three officers who were present during the incident submitted Incident Reports, reporting that two officers "tickled" plaintiff in an act of horseplay. Defendant Suter received a Letter of Concern from Unit Manager Pink because of his unauthorized physical contact with plaintiff.

On July 31, 2006, plaintiff submitted a Request to Staff to Unit Manager Pink, alleging he had been physically assaulted by Sgt. Brad Suter. Unit Manager Pink responded to plaintiff's Request to Staff by advising plaintiff she was aware of the incident. Because plaintiff had been evaluated by the medical staff, and he had been observed boxing and running on the exercise yard after the incident, no action was required. Plaintiff next filed a grievance, but Ms. Pink's response was found to have been appropriate and relief again was denied. Plaintiff attempted to appeal the denial of his grievance, but the appeal was returned unanswered as untimely.

With respect to plaintiff's allegations in Count 3, the record shows plaintiff is on the OSP list for Muslim services. He filed an Emergency Grievance to the Administrative Review Authorities, dated December 22, 2006, however, alleging he was not being allowed to attend religious services on C-Unit at OSP. On December 28, 2006, the Director's

4

Designee returned the grievance unanswered, finding it was not an emergency and noting plaintiff was not in compliance with the time restrictions set by the DOC grievance policies. Plaintiff has not resubmitted the grievance or sought permission to file a grievance out of time.

Inmates are required to exhaust available administrative remedies, and suits filed before the exhaustion requirement is met must be dismissed. *Booth v. Churner*, 532 U.S. 731, 740-41 (2001); *Yousef v. Reno*, 254 F.3d 1214, 1216 n.1 (10th Cir. 2001). "An inmate who begins the grievance process but does not complete it is barred from pursuing a § 1983 claim under PLRA for failure to exhaust his administrative remedies." *Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002) (citation omitted). "[A] claim that has been properly rejected by the prison grievance system on procedural grounds should be dismissed from the plaintiff's complaint with prejudice." *Kikumura v. Osagie*, 461 F.3d 1269, 1290 (10th Cir. 2006). After careful review, the court finds plaintiff has failed to exhaust the administrative remedies for any of his claims against the defendants.

**ACCORDINGLY,** the defendants' motion for summary judgment [Docket #24] is GRANTED, and this action is, in all respects, DISMISSED for failure to exhaust administrative remedies, pursuant to 42 U.S.C. § 1997e(a). Plaintiff's motion to amend [Docket #46] is DENIED as moot.

**IT IS SO ORDERED** this 31st day of March 2008.

James H. Payne
United States District Judge
Eastern District of Oklahoma